```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MONTANA
                        MISSOULA DIVISION


LYNNETTE NIGRO,                      )    CV 07-128-M-DWM
                                     )
            Plaintiff,               )
                                     )
    vs.                              )    ORDER
                                     )
BRIDGESTONE AMERICAS HOLDINGS, INC.) 
                                     )
            Defendants.              )
_____)
```

Complaint having been filed in this case, and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and L.R. 1.6, 16.1, 16.2 and 26.1,

**IT IS ORDERED:**

1.  Registration in and use of the Court's electronic filing system is mandatory for all attorneys as of January 10, 2007. Training is required before registration is permitted.  Counsel who are not filing electronically by that date shall comply with D. Mont. L.R. 1.6(d).  Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.

2.  Pursuant to Fed. R. Civ. P. 16(b), lead trial counsel for the respective parties shall appear in the Chambers of United States District Judge Donald W. Molloy at **1:30 p.m., April 11, 2008,** in the **Russell Smith Courthouse, Missoula,** Montana, for the purpose of participating in the preliminary pretrial conference. The conference is intended to develop a case-specific plan for discovery and a schedule for disposition of the case.  Counsel should prepare to take part in meaningful discussions of material contained in the pretrial statements.  The case management plan

resulting from the preliminary pretrial conference <u>is not subject to revision</u> absent compelling reasons.

    3.  <u>RESPONSIBILITY OF PLAINTIFF'S COUNSEL</u>.  This order is issued at the outset of the case, and a copy is delivered by the Clerk of Court to counsel for the plaintiff.  **Plaintiff's counsel (or plaintiff if pro se) is directed to deliver a copy of this order to each other party within ten days after receiving notice of that party's appearance.  Plaintiff's case may be dismissed without prejudice if plaintiff fails to inform opposing counsel of the pretrial conference.**

    4.  Pursuant to Rule 26(d), a party may commence discovery immediately upon providing its Rule 26(a)(1) Initial Disclosure to opposing parties.

    5.  If it is impossible for lead trial counsel to attend the preliminary pretrial conference at the above time, application for an extension of time must be made by motion to the Court no less than fourteen (14) days before the conference.  The motion must certify that opposing counsel has been contacted concerning the extension and state whether opposing counsel objects.  Requests to change the pretrial conference date will not be granted absent a demonstrated showing of good cause.  Lead counsel are expected to appear in person.

    6.  On or before **March 12, 2008,** lead counsel for the respective parties shall confer to consider the matters listed in Fed. R. Civ. P. 26(f).  On or before **April 4, 2008,** the parties shall file with the Court a written report outlining the joint discovery plan formulated at the conference.  The joint discovery plan should be filed by a registered CM-ECF user.  If no party is so registered, Plaintiff shall be responsible for filing the discovery plan.

    Pursuant to Fed. R. Civ. P. 26(f)(2), the parties will design the joint discovery plan to require simultaneous disclosure of all liability experts.  Plaintiff's damages experts shall be disclosed on the same day.  Defendant's damages experts shall be disclosed thirty days thereafter.  Expert disclosures must comply with Fed. R. Civ. P. 26(a)(2)(B) on or before the deadline for disclosure.  Discovery shall close thirty to sixty days after the deadline for disclosure of Defendant's damages experts.  The parties should propose a date certain for the close of discovery.  Other dates, including a motions deadline and a trial date, will be set at the preliminary pretrial conference.

    The parties should also bear in mind that, as the case

develops, they may agree among themselves to extend discovery. Fed. R. Civ. P. 29.  However, the discovery deadline set by the Court will not be continued, nor will the Court entertain discovery motions based on post-deadline occurrences.

    7.  On or before **April 4, 2008,** counsel for the respective parties shall each file a preliminary pretrial statement.  See Fed. R. Civ. P. 26(a)(1).  The statement shall address all matters listed in L.R. 16.2(b)(1).

    8.  Each party not filing electronically is directed to include a disk in WordPerfect format which contains its preliminary pretrial statement and its pleading(s) (i.e., Complaint or Answer and Amended Complaint or Answer, etc.).  If the joint discovery plan is not filed electronically, Plaintiff's disk must also include it.

    9.  Each party to the case must be represented at the pretrial conference by at least one person with authority to enter stipulations.  The Court intends to implement Rule 1 and Rule 16 of the Federal Rules of Civil Procedure to the fullest extent possible.

    10.  COUNSEL ARE ADVISED THAT INCOMPLETE OR INADEQUATE INFORMATION ON THE PRELIMINARY PRETRIAL STATEMENT WILL BE DEEMED AN ADMISSION BY COUNSEL THAT THE MATTER IS NON-COMPLEX AND MAY RESULT IN THE CASE BEING SET ON AN EXPEDITED TRIAL DOCKET.

    Dated this 10th day of December, 2007.

_____
DONALD W. MOLLOY, Chief Judge
United States District Court