IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

LYNETTE NIGRO,

                                                                                CAUSE NO. CV 07-128-M-DWM

                    Plaintiff,

       vs.

                                                                              ORDER

BRIDGESTONE AMERICAS
HOLDINGS, INC.,

                    Defendant.

_____

      Upon referral of this matter from the presiding judge, the Honorable Donald W. Molloy, the parties were direct to attend a settlement conference by order entered January 14, 2009. The undersigned convened the conference on February 18, 2009. The Plaintiff, Lynette Nigro, appeared with her counsel Mr. Terry J. MacDonald. The Defendant, Bridgestone Americas Holdings, Inc. Appeared through its counsel Mr. Dennis J. Tighe. Also present on behalf of Bridgestone was the manager of Bridgestone's local retail store in Missoula, Montana, i.e., Firestone Complete Auto Care.

      The order setting the conference explicitly states as follows:

ORDER/ PAGE 1

>It shall be the responsibility of counsel to ensure that <u>all named parties with ultimate settlement authority</u> in this case <u>are present in person</u> at the settlement conference.  If a corporation is so named, or if an insurance carrier or governmental agency is involved, then the <u>representative with ultimate settlement authority for said corporation, governmental agency and/or insurance carrier shall be present in person</u> at the settlement conference.  Availability of the named parties and/or corporate, insurance carrier, or governmental agency representatives by telephone will <u>not</u> be acceptable.  "**Ultimate settlement authority**" means the absolute discretionary authority to settle the case up to the amount of the Plaintiff's last settlement demand or the amount claimed in the Complaint, whichever is less.

Dkt. # 14.

Bridgestone is a self-insured corporate entity.  Dkt. # 7.  Accordingly, Bridgestone was required to have a representative present at the conference who had the "absolute discretionary authority" to settle the case.  Bridgestone failed, in contravention of the Court order, to have such an individual present. Upon inquiry by the undersigned, the local store manager readily admitted that he did not have the discretionary authority to settle the case.

The Court's order setting the conference also explicitly advised the parties that failure to have a representative present with ultimate settlement authority "<u>shall</u> result in the imposition of the following sanctions" (emphasis supplied):

>1. Reimbursement of all costs incurred by the party in compliance, including attorneys fees, travel costs, wages, and any other legitimate expenses.

2. The immediate rescheduling of the conference with the continued requirement that a person with ultimate settlement authority be present.

3. Such other sanctions as the court deems appropriate to assure compliance.

Dkt. # 14.

Under the inherent authority of the Court, the following sanctions are imposed upon Defendant Bridgestone Americas Holdings, Inc. for its failure to abide by the Order of this Court.

1. Defendant shall be required to reimburse all costs incurred by the Plaintiff, including attorneys fees, travel costs, wages, and any other legitimate expenses, in an amount to be determined upon an appropriate submission by the Plaintiff.

2. By separate order the conference shall be rescheduled with the continued requirement that a person with ultimate settlement authority be present.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Plaintiff shall, on or before February 27, 2009, file her submission, supported by appropriate affidavits. The Defendant may file a response on or before March 11, 2009.

DATED this 18th day of February, 2009.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge