# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| LYNNETTE NIGRO, ) | |
| ) | Cause No. 07-128-M-DWM |
| Plaintiff, ) | |
| ) | **FINAL PRE-TRIAL ORDER** |
| vs. ) | |
| ) | |
| BRIDGESTONE AMERICAS ) | |
| HOLDING, INC., ) | |
| ) | |
| Defendant. ) | |

Pursuant to Fed.R.Civ.P 16 and LR 16.4, the parties submit this Final Pre-Trial Order to govern the course of trial in this matter.

**I.    Nature of Action.**

This is a negligence case involving personal injuries sustained by Lynnette Nigro as a result of an accident caused by loose lug nuts on her vehicle which occurred on December 31, 2004, on Interstate 17 in Arizona. Defendant denies these allegations.

**II.    Jurisdiction and Venue.**

There are no issues concerning jurisdiction in that there is complete diversity pursuant to 28 USC §1332. Venue is proper in the Missoula District in that the Defendant is an out-of-state corporation and Plaintiff, at all pertinent times hereto, has resided in the Missoula District. LR

**I.    FINAL PRE-TRIAL ORDER**

1.9(e), 1.11(a)(1).

### III. Jury.

No party has demanded a jury and all questions of fact shall be tried to Judge Molloy during a bench trial to begin on February 22, 2010.

### IV. Agreed Facts.

The following facts are agreed upon and require no proof:

1. The Plaintiff, Lynnette Nigro ("Nigro") is 47 years of age. (Witness testimony "WT")

2. The correct name of the Defendant is BFS Retail and Commercial Operations, LLC ("Firestone").

3. Nigro was self employed as a massage therapist and did hair at "Relaxations Day Spa" in Corvalis, MT. (WT)

4. In December, 2004, Nigro traveled to Phoenix, AZ in her 1996 Ford Explorer to visit her mother, who recently had suffered a stroke. She also intended to visit other family and friends for the holidays (WT).

5. Nigro drove to Phoenix with her son, Quinn, age 5 and her dog. (WT)

6. On New Year's Eve, December 31, 2004, Nigro contracted with Firestone Tire and Service Center located in Phoenix, AZ to inspect her vehicle and perform a tire rotation pursuant to a written work order. (WT, Exhibit 1-1, 1-2).

7. Nigro's car was a 1996 Ford Explorer.

8. Nigro's 1996 Ford Explorer had 146,586 miles on it when she took it to the Firestone store. (Exhibit 1)

9. Before she took the car to the Firestone store, Nigro's car had a noise coming from the

2.   **FINAL PRE-TRIAL ORDER**

front passenger side. (WT)

10. Once the inspection was complete, and the tires were rotated, Lynn took possession of her 1996 Ford Explorer, and after stopping at a friend's house to load the back of her Explorer with Christmas presents and other luggage to transport back to Montana, she and her young son, Quinn, began traveling North on Interstate 17. (WT)

11. The traffic on I-17 leaving Phoenix in the afternoon on December 31, 2004 was crazy, and cars were flying past Nigro. (WT)

12. Nigro's car was towed back to the Firestone Tire and Service Center on December 31, 2004. (Stipulation, Court Order 5/23/08)

13. Bridgestone provided Nigro with a rental replacement automobile.

### V. Elements of Liability.

The Plaintiff's prima facia case in this action against the Defendant for the injuries she sustained as a result of the December 31, 2004 accident consists of the following elements:

  a. A duty of reasonable care owed by Defendant to Plaintiff. Plaintiff contends that under Montana Negligence Law, Defendant's employees had a duty to use reasonable care, and act as an ordinary person would act, when rotating the tires on Plaintiff's vehicle.

  b. The breach of that duty by omitting to reasonably tighten certain lug nuts on the vehicle, creating an unsafe driving hazzard for Plaintiff when the vehicle was released to Plaintiff for her return trip to Montana.

  c. As a result of the loose lug nuts, Plaintiff ultimately lost control of her vehicle. The vehicle spun out of control at a high rate of speed, causing injury to the

3.   **FINAL PRE-TRIAL ORDER**

Plaintiff. Plaintiff suffered injury to her low back, as well as neck, head, and hip.

    d.    Causation. Defendant's breach of duty caused the Plaintiff's injuries. The injury to Plaintiff's low back was later aggravated by her treating medical provider.

## VI. Defense Elements.

    a.    There is no credible evidence that the accident described by the Plaintiff occurred and, therefore, Plaintiff has not proved a causal connection between the Firestone store acts and the alleged accident.

    b.    The Arizona Department of Public Safety does not have a record of an accident, disabled vehicle or roadside assistance stop involving the Plaintiff.

    c.    There is no evidence of medical causation linking Plaintiff's alleged injuries to the alleged accident.

    d.    Defendant is not liable for harm to Plaintiff's lumbar spine caused by chiropractor Kostecki eleven months after the alleged accident.

    e.    Comparative negligence: Plaintiff breached her duty to use reasonable care when she was in exclusive control of her vehicle and failed to inspect or otherwise determine the cause of the funny feeling in her car.

    f.    Defendant's furnishing of a rental car and payment for an inspection and replacement parts on Plaintiff's car were attempts to compromise a claim and not an admission of liability.

## VII. Relief Sought.

Plaintiff:

    a.    Medical expenses incurred of $126,436;

**4.    FINAL PRE-TRIAL ORDER**

     b.     Lost wages in the amount of $23,139;

     c.     Compensation for mental and physical pain and suffering;

     d.     Compensation for lost ability to enjoy an established course of life;

     e.     Costs of suit.

Defendant:

     a.     Defendant requests that Plaintiff's suit be dismissed with prejudice and that Defendant be awarded its costs.

### VIII. Legal Issues.

Plaintiff's allegations against Defendant will be determined by general negligence principles to which both Plaintiff and Defendant believe that no citation to authority is required. There are no disputed legal issues.

### IX. Dismissals.

There has been no requested or proposed dismissals of parties, claims or defenses in this matter.

### X. Witnesses.

Attached to this Pre-Trial Order are the following separate witness lists:

     a.     Plaintiff's will-call witnesses;

     b.     Plaintiff's may-call witnesses;

     c.     Defendant's will-call witnesses;

     d.     Defendant's may-call witnesses.

### XI. Exhibits.

Attached to this Pre-Trial Order are the parties' separate exhibit lists:

**5. FINAL PRE-TRIAL ORDER**

    a.    Plaintiff's will-offer exhibits;

    b.    Plaintiff's may-offer exhibits;

    c.    Defendant's will-offer exhibits;

    d.    Defendant's may-offer exhibits

Objections to exhibits not made when approved by counsel for the parties, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

## XII. Discovery Documents.

Plaintiff:

Plaintiff may offer the following documents produced by Defendant in Discovery:

1. Plaintiff's Exhibit 24 (Andrea Menien e-mail to Rich Korda & Larry Perdue 4/21/05)
2. Plaintiff's Exhibit 26 (Penny Finegan memo to file 1/7/2005)
3. No others for the Plaintiff that are not identified as Exhibits, other than those that might be used for purposes of impeachment or rebuttal.

Defendant:

Defendant expects to offer the following discovery responses at trial of this matter:

Plaintiff's response to Interrogatory No. 10.

Plaintiff's response to Interrogatory No. 17.

Plaintiff response to Request for Production No. 2.

Plaintiff's response to Request for Production No. 3

**6.**     **FINAL PRE-TRIAL ORDER**

### XIII. Deposition Excerpts and Summaries.

Plaintiff:

None for the Plaintiff except for purposes of impeachment or rebuttal.

Defendant:

None for the Defendant except for purposes of impeachment or rebuttal.

### XIV. Estimate of Trial Time.

Plaintiff estimates that her case in chief will require one and a half days. The Defendant estimates that its case will require approximately five hours.

This Order supercedes the pleadings in the matter.

DATED this 22nd day of February, 2010.

_____
United States District Judge

Approved as to form and content:

/s/ Terry MacDonald
Terry MacDonald
Attorney for Plaintiff

/s/ Dennis Tighe
Dennis Tighe
Attorney for Defendant

7.   **FINAL PRE-TRIAL ORDER**